ANTOON, J.
The State of Florida (state) appeals the trial court’s order suppressing Damon Pul-len’s confession.[1] The state contends that reversal of the suppression order is required because the evidence of record does not support the conclusion that the confession was not freely and voluntarily given. However, because the suppression order was premised on the erroneous determination that Mr. Pul-len’s alleged illegal arrest tainted his confession, the trial court did not rule on whether the confession was freely and voluntarily given. Therefore, we must remand this matter so the trial court can make that determination.
The trial court’s suppression order focused on the question of whether Mr. Pullen’s 35-year-old cousin, with whom he lived, had voluntarily allowed two plainclothes police officers to enter her house for the purpose of arresting Mr. Pullen. The trial court ruled that the officers’ warrantless entry into the house was nonconsensual and thus improper, and that as a result Mr. Pullen’s confession which was subsequently made at the police station was subject to suppression.
In Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), the Supreme Court held that the fourth amendment prohibits the police from making a warrant-less and nonconsensual entry into a suspect’s house in order to make a routine felony arrest. Id. at 576, 100 S.Ct. 1371. In New York v. Harris, 495 U.S. 14, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990), the Supreme Court later addressed the question of whether a violation of Payton automatically implicates the exclusionary rule, holding:
[Wjhere the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State’s use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of Payton.
*254 Id. at 21, 110 S.Ct. 1640. The Court explained that, in the context of criminal law, the penalties visited upon the state for its officers’ violations of law in the conduct of their official duties, such as the exclusion of evidence, “‘must bear some relation to the purposes which the law is to serve.’ ” 495 U.S. at 16, 110 S.Ct. 1640 (quoting United States v. Ceccolini, 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978)).
Here, the police had probable cause to arrest Mr. Pullen before they entered his residence but, under Payton, the warrantless arrest of Mr. Pullen was improper because their entry into the house was nonconsensual. Notwithstanding the Payton violation, Mr. Pullen’s subsequent confession was not automatically subject to suppression because there was no nexus between the officers’ improper entry into the house and Mr. Pul-len’s subsequent police station confession. Harris, 495 U.S. at 14, 110 S.Ct. 1640. Accordingly, the trial court’s ruling on this issue must be reversed.
Further, since the trial court did not determine whether Mr. Pullen’s confession was freely and voluntarily given, we cannot rule upon this dispositive issue. Instead, we must remand this matter to the trial court with instructions that the court determine whether Mr. Pullen’s confession was freely and voluntarily given.
REVERSED and REMANDED.
W. SHARP, and PETERSON, JJ., concur.

. Appellate jurisdiction is proper pursuant to rule 9.140(c) of the Florida Rules of Appellate Procedure.